IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RON CARTER											PLAINTIFF

V.												CIVIL ACTION NO. 3:12CV0016-B-A

WAL-MART STORES EAST, LP									DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, exhibits, and supporting and opposing authority, the court is ready to rule. The plaintiff has not responded to the motion.

Factual and Procedural Background

The plaintiff, Ron Carter, alleges that at approximately midnight on September 1, 2011, he slipped and fell inside the Wal-Mart store in Pontotoc, Mississippi. He asserts that his fall was caused by a "grainy," "slightly wet," "clear sand" substance that "looked wet" and "could have been liquid" on the floor. He testified that approximately 10-20 minutes prior to his fall he saw a Wal-Mart associate operating a floor cleaning machine in the area where he fell. The plaintiff speculated that the substance in which he allegedly slipped came from this machine but admitted that he never actually saw any substance coming from the machine. He also testified that he had no knowledge as to how long the substance was on the floor.

The plaintiff was accompanied by his girlfriend, Charity Williams, and friends Jennifer and Jeffrey Morgan at the time of his fall. Ms. Williams testified that after the plaintiff fell, she touched the floor and felt a "slippery wet" substance. She further testified that she did not know the source of the substance and speculated that the substance had been on the floor "probably just a little while."

Jennifer Morgan testified that immediately prior to the plaintiff's fall, the plaintiff was "goofing off" and "scooting" as he was going down the aisle. She testified that she never saw anything on the floor in the area where the plaintiff fell despite the fact that she was only three feet away from the spot. She further testified that she never saw anyone buffing or cleaning the floor in the area of the incident nor did she see any material or substance coming from any such machine.

Jeffrey Morgan testified that he never touched the floor but believed that the floor was "slick" because he allegedly noticed a smaller portion of the floor that was "discolored" or darker in color than the surrounding area. He admitted that he never saw water or any other substance on the floor.

The plaintiff brought this premises liability action in the Circuit Court of Pontotoc County, Mississippi, on November 30, 2011, asserting that he was injured by the defendant's alleged negligent failure to maintain its floor in a reasonably safe condition and its failure to warn the plaintiff of the unreasonably dangerous condition. The defendant subsequently removed the case to this court on February 16, 2012, and has now moved for summary judgment. In addition to the deposition testimony of the plaintiff and his companions, the defendant has submitted video surveillance footage relevant to the incident, which the court has reviewed.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial

burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[T]he issue of fact must be 'genuine.' When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). Further, self-serving "affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

The court must render summary judgment in favor of the moving party if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000). The Supreme Court has cautioned, however, that the ruling court must not encroach upon the functions of the jury. The Court stated in *Reeves* as follows:

> [T]he court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence. The latter functions, along with the drawing of legitimate inferences from the facts, are for the jury, not the court.

3

> Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.

*Id.* (citations omitted). "Summary judgment, although a useful device, must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989).

<u>Analysis</u>

The operator of a business premises in Mississippi "owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition." *Jacox v. Circus Circus Mississippi, Inc.*, 908 So. 2d 181, 184 (Miss. Ct. App. 2005). The business operator is not, however, an insurer against all injuries. *Id.* "Proof merely of the occurrence of a fall on a floor within a business is insufficient to show negligence on the part of the proprietor . . . and the doctrine of res ipsa loquitor is inapplicable in cases of this kind." *Id.* (quoting *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)).

A plaintiff seeking to recover for a slip-and-fall in Mississippi must either (1) show that a negligent act of the defendant caused the plaintiff's injury; or (2) show that the defendant had actual knowledge of the condition but failed to warn the plaintiff of the danger; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant. *Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995).

The plaintiff herein testified that he witnessed a Wal-Mart associate operating a floor cleaning machine approximately 10-20 minutes prior to his fall in the area of the incident. He speculated that the substance which he alleges caused him to fall may have come from this machine, though he admitted he never actually saw any substance coming from the machine.

4

It is axiomatic that "[t]estimony based on conjecture or speculation is insufficient to raise an issue of fact to defeat a summary judgment motion." *Ruiz v. Whirlpool, Inc.*, 12 F.3d 510, 513 (5th Cir. 1994). Further, "[c]onflicting testimony about conditions which is based merely on memory, estimate, or casual observation, must yield to physical evidence" such as photographs and video footage. *Illinois Cent. Gulf R. Co. v. Travis*, 106 So. 3d 320, 336 (Miss. 2012).

The defendant in the present case has submitted video surveillance footage which presents a clear view of the site of the plaintiff's incident for one hour immediately prior and one hour immediately after the incident, including, of course, the incident itself. The footage shows that no floor scrubbing machine entered the area of the incident during this time.

The video footage does show the plaintiff "goofing off" and "scooting" on the floor immediately prior to his fall, as eyewitness Jennifer Morgan testified. The video footage reveals that while the plaintiff was "goofing off," his legs slid out from under him as he turned a corner, and he fell to the floor.

The video footage not only conflicts with the plaintiff's testimony but also with that of his girlfriend, Charity Williams, who testified that she touched the floor when the plaintiff fell and detected a "slippery wet, like silky wet like" substance on the floor. The video shows that Ms. Williams did not reach down and touch the floor.

The plaintiff has not responded to the defendant's motion, and the uncontradicted evidence set forth by the defendant establishes that the plaintiff's assertions in this matter are not only speculative but false. The plaintiff has testified that he has no information regarding the source of the alleged substance, beyond his conjecture, and has presented no evidence showing that the alleged hazardous condition was caused by the defendant or one of its employees or that

5

the defendant had actual knowledge of the alleged condition. Further, the plaintiff has failed to show that constructive knowledge should be imputed to the defendant. "Constructive knowledge is established by proof that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of that condition." *Jacox,* 908 So. 2d at 185 (Miss. Ct. App. 2005). A plaintiff alleging constructive knowledge of a premises owner "must produce admissible evidence of the length of time that the hazard existed, and the court will indulge in no presumptions to compensate for any deficiencies in the plaintiff's evidence as to the time period." *Id.* The plaintiff and all but one of his witnesses testified that they did not know how long the alleged substance had been on the floor. The remaining witness, Charity Williams, testified that the substance appeared to have been on the floor for "just a little while."

The court finds that the plaintiff can satisfy none of the three means available for proving that the defendant's negligence caused his fall and alleged injuries. No genuine issue of material fact exists in this case, and the defendant is entitled to judgment as a matter of law.

Conclusion

For the foregoing reasons, the court finds that the defendant's motion for summary judgment is well taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 22nd day of May, 2013.

   /s/ Neal Biggers  
**NEAL B. BIGGERS, JR.**  
**UNITED STATES DISTRICT JUDGE**